PERRY & BEE COMPANY, APPELLEE, V. HOLBROOK OPERA
HOUSE COMPANY, APPELLANT.

FILED MARCH 12, 1912. No. 17,025.

1. Corporations: INDEBTEDNESS: LIMITATIONS IN CHARTER. A corporation, when sued on its promissory note executed in settlement of a debt contracted for materials used in the erection of a building which it was the corporate purpose to construct, at a time when it had contracted no other debts, and had a sufficient amount of money on hand to pay for such materials, cannot defeat a recovery because of a provision contained in its charter limiting the amount of its indebtedness..

2. ——: ——: ——. The fact that by the action of a majority of the stockholders and directors of the corporation it used its funds for purposes other than paying for the materials so purchased affords no legal excuse for its refusal to pay for such materials.

APPEAL from the district court for Furnas county: ROBERT C. ORR, JUDGE. *Affirmed.*

*W. S. Morlan* and *J. F. Fults,* for appellant.

*Perry, Lambe & Butler,* contra.

BARNES, J.

Action on a promissory note dated July 8, 1907, for the sum of $503.74, due in one year from the date thereof, with interest at 8 per cent., given in settlement of an indebtedness due from defendant to plaintiff for lumber and materials used in the erection of defendant's opera house. The execution and delivery of the note was admitted, but defendant alleged want of power to execute it, and plead that by its articles of incorporation it was limited in the amount of its indebtedness to the sum of $700; that the sum which it owed plaintiff was $2,503.74, which far exceeded that limit; that the defendant executed a mortgage for the sum of $2,000, and the proceeds thereof were paid to the plaintiff; that the note in question was

given to cover the balance of said indebtedness, all of which transactions were void because of the limitations contained in its charter or articles of incorporation. The plaintiff, by its reply, denied the limitation, and alleged that the defendant had amended its charter by a provision increasing its capital stock to $4,000, and the limit of its indebtedness to $2,000. The reply also contained allegations creating an estoppel. The cause was tried to the court without the intervention of a jury. Plaintiff had the judgment, and the defendant has appealed.

The bill of exceptions establishes the following facts: In the month of June, 1906, certain persons residing in the village of Holbrook organized the defendant corporation for the purpose of constructing, managing and conducting an opera house in that village. The defendant's charter or articles of incorporation provided, among other things, that the capital stock of the company should be $3,000, divided into shares of $10 each; that the indebtedness of the company should not exceed the sum of $700, and that each stockholder should be entitled to one vote for every share of his stock, and that a majority of the stock represented at any regular or special meeting should constitute a quorum for the transaction of business. About $2,800 worth of stock was subscribed and paid for, and thereupon a lot was purchased on which to erect a building, which together with the excavating and grading, cost $250. Plans for the building were procured and adopted, and the lumber and other material for its construction to the amount of $2,503.74 was thereupon purchased of and furnished by the plaintiff.

The undisputed evidence discloses that at that time the company was not otherwise indebted to any one, and had on hand a sum of money sufficient to pay the plaintiff's claim. It appears, however, that, instead of applying the money then on hand to that purpose, a majority of the directors and stockholders determined to use it for the purpose of seating and heating the building, together with other necessary furnishings, including stage and scenery.

The effect of this proceeding was to defer the payment of plaintiff's claim until about the 1st of May, 1907, when at a meeting of the stockholders, at which there was represented 171 shares of stock, a resolution was adopted increasing the capital stock of the company to $4,000, and authorizing an indebtedness to the amount of $2,000; that thereupon the defendant company executed a mortgage upon its property to the bank of Holbrook for the sum of $2,000, obtained that amount of money thereon and paid it over to the plaintiff. At the same time it was voted to execute the note in suit for the balance of plaintiff's claim, which amounted to $503.74. This was accordingly done, and the plaintiff received the same in settlement of the indebtedness. It also appears that in August, 1907, the defendant paid to the plaintiff the sum of $100 upon the note which was indorsed thereon. The record contains no evidence of fraud, and the testimony tends to show that no objection was raised to the proceedings by any of the directors or stockholders until about the time this suit was instituted. Upon the foregoing facts, the district court found generally for the plaintiff and rendered the judgment of which the defendant now complains.

In disposing of defendant's contentions, it is sufficient to say that from a careful reading of the bill of exceptions we are satisfied that the defendant failed to establish any of the several defenses set forth in its answer. It is apparent that at the time the defendant purchased the materials used in the construction of its opera house, and contracted to pay the plaintiff therefor, it was not indebted in any sum whatever, and had a sufficient amount of money in its treasury to pay for the same in full; and the fact that defendant used the funds which had been raised for the payment of the plaintiff's claim for other purposes cannot be successfully urged as a reason for defeating the payment of its just debt.

Finally, it may be said that the defendant lawfully procured the material furnished to it by the plaintiff, has received and retained the benefit thereof, and has estab-

lished no valid or legal defense upon which it can escape payment for the same.

Therefore, the judgment of the district court was clearly right, and it is

AFFIRMED.